## Ashby, Executrix, *v.* Butz, Appellant.

*Negotiable instruments—Promissory notes—Alleged cancellation—Insufficient evidence.*

Where in an action on a promissory note, brought by the executrix of a decedent's estate against the maker, the defense was that the note had been cancelled in pursuance of the terms of an agreement entered into by defendant and plaintiff's decedent, but where the evidence showed that although an agreement was to have been prepared and executed and the note cancelled in pursuance thereof, such agreement had in fact never been executed, and that the liability of the defendant had not been impaired at the time of the death of decedent, the court properly directed a verdict for plaintiff.

Argued Jan. 29, 1917. Appeal, No. 346, Jan. T., 1916, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1916, No. 14, on directed verdict for plaintiff, in case of Harriet Ashby, Executrix of the Estate of Henry S. Keck, deceased, v. Harvey E. Butz. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict directed for plaintiff for $2,364.31 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were instructions to the jury.

*George M. Lutz,* with him *Calvin E. Arner,* for appellant.

*Allen W. Hagenbach,* with him *Fred E. Lewis,* for appellee.

PER CURIAM, March 19, 1917:

The defense of the appellant in this action, brought to recover the amount due on a promissory note which he executed and delivered to appellee's decedent, is that the same was cancelled in pursuance of the terms of an agreement entered into by him and the decedent. Though, under the testimony, the agreement was to have been prepared and executed and the note cancelled in pursuance of it, it never was executed. There was merely an understanding between the parties that the agreement should be prepared and executed, but this was never carried out, and the absolute liability of appellee on his obligation had not been impaired at the time of the death of Henry S. Keck. This was the correct view of the learned court below in directing the verdict for plaintiff, and the judgment is, therefore, affirmed.